UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE NORTH RIVER INSURANCE COMPANY,

                Plaintiff,

   -against-

MAX D. LEIFER and LAW OFFICES OF MAX D. LEIFER, P.C.,

               Defendants.
------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff The North River Insurance Company ("NRIC"), by and through its attorneys, Clyde & Co US LLP, as and for its complaint against defendants Max D. Leifer ("Leifer") and Law Offices of Max D. Leifer, P.C. ("Leifer PC") (collectively "Defendants"), alleges upon knowledge as to its own acts and upon information and belief as to the acts of others, as follows:

## NATURE OF THE LAWSUIT

1. This is an action for a declaration that plaintiff NRIC has no obligation to defend or indemnify the Defendants under a professional liability insurance policy in connection with an underlying lawsuit against them for legal malpractice.

2. In prior litigation, a default judgment was entered against a client of Defendants in February 2018, due to the failure to file an answer to the complaint. The client terminated Defendants in or around August 2018 and subsequently sued them for malpractice due to their failure to file an answer on his behalf.

3. After the default judgment, in September 2019, the Defendants applied for a professional liability policy with NRIC, with no mention of a potential malpractice claim by the client.

4.      Plaintiff seeks a declaration that coverage for the client's malpractice lawsuit against the Defendants is excluded under the policy, which precludes coverage for claims arising out of facts or circumstances of which an insured had knowledge as of the inception of the policy, October 20, 2019, and which could reasonably have been expected to give rise to a claim.

## THE PARTIES

5.      NRIC is an insurance company organized and existing under the laws of New Jersey, with a principal place of business in Morristown, New Jersey.  NRIC is authorized to conduct insurance business in New York.

6.      Upon information and belief, Leifer PC is a professional corporation organized and existing under the laws of New York with a principal place of business in New York, New York.

7.      Upon information and belief, Leifer is a resident of New York.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claim occurred in this District or Defendants are otherwise subject to personal jurisdiction therein.

## BACKGROUND

### Original Lawsuit

10.     On or about November 28, 2016, a complaint was filed against Defendants' client, Andy Lee, in the matter captioned as *Nancy Shunkuen Ng, et al. v. Asquared Group, Inc., et al.*, Supreme Court of the State of New York, County of Queens, Index. No. 714168/2016 (the

"Original Action"). A true and correct copy of the summons and complaint filed in the Original Action is attached as Exhibit A.

11. The Original Action alleged "wrongful and illegal acts perpetrated" by Lee, and his "gross misappropriation" of corporate assets relating to a restaurant business. The Original Action sought punitive damages against Lee pursuant to tort claims of breach of fiduciary duty and conversion. Exhibit A, ¶¶ 1, 2, 30, 32 and 43 and prayer for relief, ¶¶ a) and c).

12. Defendants were hired to represent Lee in the Original Action.

13. Defendants failed to file an answer on behalf of Lee in the Original Action or otherwise obtain an extension of time to file a response.

14. On or about December 21, 2017, the plaintiff in the Original Action filed a motion for a default judgment against Lee for failure to file an answer.

15. On or about February 27, 2018, the court granted the plaintiff's motion for a default judgment. A true and correct copy of the order granting default judgment is attached as Exhibit B ("Order Granting Default Judgment").

16. The Order Granting Default Judgment held that: the arguments in the Defendants' opposition were "without merit;" the opposition failed to demonstrate a reasonable excuse for allowing a default, or any meritorious defense to the case; the opposition failed to cross-move for leave to interpose an answer on behalf of Lee; and the opposition failed to submit an affidavit from Lee. The court referred the case for a damages inquest, which commenced in May 2019.

17. Plaintiff is informed and believes that in or around August 2018, Lee terminated Defendants.

**Defendants' Insurance Application**

18.     On or about September 16, 2019, Defendants submitted an application for professional liability insurance to NRIC, signed by Defendant Leifer (the "Application").

19.     The Application represented that Defendants had no reasonable basis to believe that an act or omission in their rendering of services might become the basis of a claim, as follows:

> 5. Does the Applicant have any reasonable basis to believe than an act or omission in the rendering of professional services might become the basis of a claim against the Applicant or the Applicant's predecessor(s), regardless of whether you would deem such a claim to be meritorious?   Yes ☐   No ☑
>
> ALL WRITTEN STATEMENTS, SUPPLEMENTAL APPLICATIONS AND MATERIALS FURNISHED TO THE *INSURER* IN CONJUNCTION WITH THIS APPLICATION ARE INCORPORATED BY REFERENCE INTO THIS APPLICATION AND MADE A PART THEREOF, AND DEEMED ATTACHED HERETO.
>
> NOTICE TO NEW YORK APPLICANTS: "ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF *CLAIM* CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME, AND SHALL ALSO BE SUBJECT TO A CIVIL PENALTY NOT TO EXCEED FIVE THOUSAND DOLLARS AND THE STATED VALUE OF THE *CLAIM* FOR EACH SUCH VIOLATION."
>
> SIGNATURE [X]   PRINTED NAME* Max Leifer
> *MUST BE SIGNED BY A DULY AUTHORIZED OFFICER OF THE APPLICANT ON BEHALF OF ALL *INSUREDS*.
> TITLE OF SIGNATORY: Pr     DATE SIGNED: 9/16/19

**The Policy**

20.     NRIC issued Lawyers Professional Liability Policy number 560-111019-4 to Max D. Leifer, PC for the period from October 20, 2019 to October 20, 2020 (the "Policy").

21.     Subject to its terms, conditions, and exclusions, the Policy provides coverage for Damages and Defense Expenses that the Insured becomes legally obligated to pay as a result of a Claim first made against the Insured during the Policy Period by reason of a negligent act, error or omission in the performance of Professional Services and timely reported to NRIC.

4

22. Exclusion K in the Policy (the "Prior Knowledge Exclusion") precludes coverage as follows:

> This policy does not apply to any Claim based upon or arising out of:
>
> \*\*\*
>
> K. any facts or circumstances of which an Insured had knowledge as of the effective date of this policy and which could reasonably have been expected to give rise to a Claim;
>
> \*\*\*

23. In addition, Condition G of the Policy provides as follows:

> G. Representations
>
> In granting coverage to the Insureds, it is agreed that the Insurer has relied upon the representation and statements contained in the application for this policy (and all such previous applications submitted, or made part of any previous policy which this policy may succeed in time) including materials submitted therewith, as being accurate and complete and shall be the basis of the contract and shall become part of such policy as if physically attached.  Such representations and statements are deemed to be material and the risk has been assumed by the Insurer in reliance upon such representations.

## The Client Lawsuit Against Defendants

24. On or around October 7, 2020, during the Policy Period, Defendants reported to NRIC their receipt of a letter from Lee's counsel concerning a potential malpractice claim relating to the Defendants' handling of the Original Action.

25. On or around October 9, 2020, NRIC issued correspondence to the Insured accepting the letter from Lee's counsel as a notice of circumstance under the Policy.

26. On or around November 12, 2020, Lee filed a legal malpractice lawsuit via summons and notice against Defendants in the matter captioned as *Andy Lee v. Max D. Leifer, Esq. and Law Offices of Max D. Leifer, P.C.*, Supreme Court of the State of New York, County of New York, Index. No. 159786/2020 (the "Client Lawsuit").

27. NRIC initially accepted the defense of the Client Lawsuit subject to a full reservation of rights on or around November 19, 2020.

28. On or about January 12, 2021, a complaint was filed in the Client Lawsuit. A true and correct copy of the complaint filed in the Client Lawsuit is attached as Exhibit C.

29. The Client Lawsuit alleges that Lee retained Defendants to defend him in the Original Action. The Client Lawsuit alleges that the Original Action alleged breach of fiduciary duty and conversion against Lee and sought punitive damages of $50 million.

30. The Client Lawsuit alleges that Defendants committed malpractice by, among other things, failing to serve an answer to the complaint or otherwise obtain a stipulation extending Lee's time to answer, and failing to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession by such failure (Exhibit C, ¶¶ 28-29).

31. The Client Lawsuit alleges that the court in the Original Action granted a motion for default judgment on February 27, 2018 and awarded $700,000 as punitive damages by order dated March 17, 2020. The Client Lawsuit seeks damages from Defendants in an amount of not less than $700,000.

32. On or around March 12, 2021, NRIC advised Defendants that it was no longer in a position to continue providing a defense related to the Client Lawsuit as a result of the Defendants' prior knowledge of "any" facts or circumstances that Defendants could "reasonably" have expected to give rise to a Claim as of the Policy inception on October 20, 2019.

33. NRIC informed Defendants that in order to facilitate a transition to new defense counsel, it would continue paying defense costs through April 30, 2021.

34. NRIC invited the Defendants to provide any information as to why NRIC's determination that there was no coverage under the Policy was incorrect and advised that such information would be promptly reviewed by NRIC.

35. While correspondence was exchanged between Defendants and NRIC, the last of which as a letter from the Defendants dated August 5, 2021, no new information was provided which would serve as a basis for NRIC to reconsider its position.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment - Prior Knowledge Exclusion)**

36. NRIC incorporates by reference each of the allegations of paragraphs 1 through 35 of this complaint as if fully set forth herein.

37. As of October 19, 2019, the effective date of the Policy, Defendants knew that: the Original Action alleged tort theories against their client, Lee, and sought punitive damages; they failed to file an answer or otherwise respond to the complaint on their client's behalf, or to request an extension of time to respond; the court granted a default judgment against their client for failure to file an answer to the complaint; their client terminated them as counsel; and, for purposes of the subsequent damages inquest in the Original Action, all traversable allegations against their client were deemed admitted.

38. Defendants contend that they are entitled to coverage and that the Prior Knowledge Exclusion does not apply. Plaintiff contends the Prior Knowledge Exclusion applies, in that the Client Lawsuit is based upon or arises out of facts or circumstances of which Defendants had knowledge as of October 19, 2019 and which could reasonably have been expected to give rise to a Claim by the client.

39. An actual and justiciable controversy exists between the parties with respect to coverage for the Client Lawsuit, and the entry of a declaratory judgment is necessary and would effectively resolve such controversy.

40. Plaintiff requests a declaration that there is no duty to defend or indemnify Defendants with respect to the Client Lawsuit pursuant to the Prior Knowledge Exclusion.

## SECOND CLAIM FOR RELIEF

### (Rescission of Policy)

41. Plaintiff incorporates by reference each of the allegations of paragraphs 1 through 40, of this complaint as if fully set forth herein.

42. Defendants had a duty to disclose to NRIC information that was material to the risks they sought to insure under the Policy.

43. Plaintiff is informed and believes that Defendants made a material misrepresentation and/or omission to NRIC in responding "no" to question no. 5 on the Application, asking if the applicant had a reasonable basis to believe that an act or omission in the rendering of professional services might become the basis of a claim against Defendants, regardless of whether Defendants would deem such a claim to be meritorious.

44. Upon information and belief, Defendants did not answer question no. 5 accurately, given the developments in the Original Action, as alleged herein.

45. By misrepresenting and/or failing to disclose important information to NRIC concerning the Original Action, Defendants deprived NRIC of information needed to make an informed decision on whether to issue the Policy. NRIC would not have issued the Policy had question no. 5 in the Application been answered accurately.

46. Wherefore, NRIC is entitled to a declaration that Defendants' material misrepresentation or omission in the Application entitles NRIC to rescind the Policy.

**WHEREFORE**, plaintiff NRIC demands judgment as follows:

1. On the First Claim for Relief, for a declaration that NRIC has no obligation to defend or indemnify Defendants in connection with the Client Lawsuit;

2. Alternatively, on the Second Claim for Relief, declaring that NRIC is entitled to rescind the Policy and that the Policy is void *ab initio*.

3. For such other and further relief as the Court deems just and proper.

Dated: September 16, 2021
     New York, New York

                       CLYDE & CO US LLP

                       By: */s/ Katelin O'Rourke Gorman*
                            Katelin O'Rourke Gorman, Esq.
                            Timothy D. Kevane, Esq.
                            Lauren E. Boulbol, Esq.
                            CLYDE & CO US LLP
                            405 Lexington Avenue, 16th Floor
                            New York, New York 10174
                            Telephone: (212) 710-3900
                            Facsimile: (212) 710-3950

                            *Attorneys for Plaintiff*
                            *The North River Insurance Company*