# Exhibit 15



| | |
|---|---|
| **Policy Number:** 550-112716-8 | **INSURER:** ☐ United States Fire Insurance Company<br>☑ The North River Insurance Company<br><br>305 Madison Avenue<br>Morristown, NJ 07962-1973 |

# NEW YORK STATE
# LAWYERS PROFESSIONAL LIABILITY
# PLATINUM PROTECTION
# DECLARATIONS
(Page 1 of 2)

**NOTICE:** THIS IS A CLAIMS MADE POLICY. EXCEPT AS OTHERWISE PROVIDED HEREIN, THIS POLICY PROVIDES COVERAGE ONLY FOR *CLAIMS* FIRST MADE AGAINST THE *INSURED* DURING THE *POLICY PERIOD* OR EXTENDED REPORTING PERIOD, ARISING FROM *PROFESSIONAL SERVICES* RENDERED ON OR AFTER THE PRIOR ACTS DATE, IF ANY. ALL COVERAGE UNDER THE POLICY WILL CEASE UPON THE TERMINATION OF THE POLICY; HOWEVER THE INSURED SHALL HAVE AN AUTOMATIC AND NON-CANCELABLE SIXTY DAY EXTENDED REPORTING PERIOD TO REPORT CLAIMS, AND MAY PURCHASE OPTIONAL EXTENDED REPORTING PERIODS AVAILABLE UPON PAYMENT OF AN ADDITIONAL PREMIUM AS INDICATED BELOW. DURING THE FIRST SEVERAL YEARS OF THE *CLAIMS-MADE RELATIONSHIP*, CLAIMS-MADE RATES ARE COMPARATIVELY LOWER THAN OCCURRENCE RATES AND THE *INSURED* CAN EXPECT SUBSTANTIAL ANNUAL PREMIUM INCREASES INDEPENDENT OF OVERALL RATE LEVEL INCREASES, UNTIL THE *CLAIMS-MADE RELATIONSHIP* REACHES MATURITY.

In the event of termination of this policy, the following Optional Extended Reporting Periods are available for the premium shown:
(a) Optional Extended Reporting Period of 12 months for a premium charge of 90% of the annual policy premium;
(b) Optional Extended Reporting Period of 36 months for a premium charge of 150% of the annual policy premium;
(c) Optional Extended Reporting Period of 72 months for a premium charge of 200% of the annual policy premium;
(d) Optional Extended Reporting Period of unlimited duration for a premium charge of 225% of the annual policy premium.

| | |
|---|---|
| Item 1. | **Named Insured & Street Address:**<br>MAX D. LEIFER, PC<br>135 West 25th Street, Suite 11-D<br>New York, NY 10001 |
| Item 2. | **Policy Period:** From: 10/20/2020   (Effective)   To: 10/20/2021   (Expiration)<br>(12:01 a.m. local time at the address in Item 1.) |
| Item 3. | **Limit of Liability:**<br><br>$1,000,000   each *Claim*<br>$1,000,000   *Policy Aggregate* |
| Item 4. | **Deductible:**<br><br>$10,000   each *Claim*<br><br>This amount applies to each *Claim* unless this Section is amended by specific endorsement of this policy. |
| Item 5. | **Premium:** ███ |
| Item 6. | The following endorsements, if any, are made a part of this policy at issuance:<br>MI 07 002 01 15, NYLPL-Pol End, IL P 001 01 04 |

NYLPL - 100 (07/15)                                    Page 1 of 12

# NEW YORK STATE
# LAWYERS PROFESSIONAL LIABILITY
# PLATINUM PROTECTION
# DECLARATIONS
(Page 2 of 2)

## NOTICE

If Item 6. of this Declarations indicates that endorsement NYLPL-111 is attached, then **Defense Expenses** shall reduce up to 50% of the Limits of Liability. This means that up to 50% of the Limits of Liability may be used for **Defense Expenses** and any **Defense Expenses** that exceed this amount thereafter shall be in addition to the Limits of Liability.

If Item 6. of this Declarations indicates that endorsement NYLPL-113 is attached, then **Defense Expenses** shall reduce and may exhaust the Limit of Liability. The Company is not obligated to pay any judgments, awards, settlements or **Defense Expenses** after the Limit of Liability has been exhausted.

If Item 6. of this Declarations indicates that endorsement NYLPL-109 is attached, then **Defense Expenses** shall be applied to, and act as a reduction of up to 50% of the each **Claim** Deductible.

If Item 6. of this Declarations indicates that endorsement NYLPL-110 is attached, then **Defense Expenses** shall be applied to, and act as a reduction of up to 50% of the aggregate Deductible.

If Item 6. of this Declarations indicates that endorsement NYLPL-112 is attached, then **Defense Expenses** shall be applied to, and act as a reduction of up to 100% of the each **Claim** Deductible.

If Item 6. of this Declarations indicates that endorsement NYLPL-122 is attached, then **Defense Expenses** shall be applied to, and act as a reduction of up to 100% of the aggregate Deductible.

These Declarations, the application, and the policy with endorsements attached thereto, constitute the entire agreement between the **Insurer** and the **Insured**.

Countersigned (if required by law): _____   Date: _____

# LAWYERS PROFESSIONAL LIABILITY

In consideration of the payment of premium, the undertaking of the *Insured* to pay the Deductible herein, and in reliance upon the application (attached hereto) and supplements (attached hereto) and all the information provided to the *Insurer*, and subject to the Declarations, definitions, terms, conditions, limitations, representations, exclusions and endorsements herein and/or attached hereto, the *Insurer* and the *Insured* agree as follows:

## I.   INSURING AGREEMENT

### A.   Coverage

Subject to the Limit of Liability stated in Item 3. of the Declarations, the *Insurer* shall pay on behalf of the *Insured* all *Damages* and *Defense Expenses* in excess of the Deductible as stated in Item 4. of the Declarations that the *Insured* becomes legally obligated to pay as a result of a *Claim* first made against the *Insured* during the *Policy Period* or any Extended Reporting Period, if applicable, and reported in writing to the *Insurer* by reason of a negligent act, error or omission in the performance of *Professional Services* by the *Insured* or by someone for whom the *Insured* is legally responsible.

All coverage under this policy will cease upon termination of the policy, except for the Automatic Extended Reporting Period coverage provided, unless the *Insured* purchases coverage for an Optional Extended Reporting Period.

### B.   Defense

Subject to the terms, conditions and exclusions appearing in other Sections of this policy, the *Insurer* has the right and duty to defend any covered *Claim* including, but not limited to, the appointment of legal counsel, even if any of the allegations of the *Claim* are groundless, false or fraudulent.

## II.   LIMITS OF LIABILITY AND DEDUCTIBLE

### A.   Limits of Liability

1. Subject to 2 that follows, the *Insurer's* Limit of Liability for *Damages* for each *Claim* first made against any *Insured* during the *Policy Period*, including any applicable Extended Reporting Period, shall not exceed the amount shown in Item 3. of the Declarations as applicable to "each *Claim*".
2. Subject to 1. above, the *Insurer's* Limit of Liability for *Damages* for all *Claims* first made against any *Insured* during the *Policy Period*, including any applicable Extended Reporting Period, shall not exceed the amount shown in Item 3. of the Declarations as applicable to "*Policy Aggregate*".
3. The Limit of Liability shall apply excess of the Deductible amount.
4. All *Related Claims* shall be deemed a single *Claim* and such single *Claim* shall have been deemed to have been first made on the date the earliest of such *Claims* was first made against an *Insured* and reported to the *Insurer*, regardless of whether such date is before or during the *Policy Period*, including any applicable Extended Reporting Period, and shall be subject to the Limit of Liability as shown in Item 3. of the Declarations as applicable to "each *Claim*".
5. If the *Insurer* has exhausted the applicable Limit of Liability by payment of *Damages*, it shall have no further duties to the *Insured* under this policy, other than to provide for the orderly transfer of duties. In such case, the *Insurer* shall withdraw from the further investigation, defense, payment or settlement of such *Claim* by tendering control of said investigation, defense or settlement of the *Claim* to the *Insured* of any *Claims* which were reported to it prior to the exhaustion of such limit. The *Insured* must cooperate in the transfer of control of such *Claims*. The *Insurer* agrees to take the necessary steps, as it deems appropriate, to avoid a default in such *Claims* until such transfer has been completed, provided the *Insured* cooperates in completing such transfer. The *Insured* must reimburse the *Insurer* for expenses it incurs in taking those steps it deems appropriate to avoid a default.
6. Post-judgment interests will be paid outside of the Limit of Liability.

### B.   Deductible

The *Insurer* shall only be liable for amounts payable under this policy for *Damages* which are in excess of shown in Item 4 in the Declarations. This Deductible amount shall apply separately to each and every *Claim* the *Insured* and shall remain uninsured. The Deductible amount shall not apply to *Defense Expenses*. *Claims* a single Deductible amount will apply. If the *Insurer* advances any amounts within the Deducti shall reimburse the *Insurer* within thirty days of the *Insurer's* request to do so.

C. **Multiple Insureds, Claims and Claimants**

   Regardless of the number of *Claims*, *Related Claims*, *Insureds* or claimants, the Limit of Liability as shown in Item 3. of the Declarations as applicable to "each *Claim*" and to "*Policy Aggregate*" shall be subject to Paragraph A. of this Section II.

## III. EXTENSIONS OF COVERAGE

A. **Estates, Heirs, Bankruptcy Extension**

   In the event of the death or incapacity of the *Insured*, or the bankruptcy of the *Insured*, any *Claim* made against any heir, executor, administrator, assignee or legal representative of the *Insured* or against any trustee in bankruptcy of the *Insured*, which arises from any negligent act, error or omission of such *Insured* rendering *Professional Services* shall be deemed to be a *Claim* made against such *Insured* for the purposes of this policy. Bankruptcy or insolvency of the *Insured* or of the *Insured's* estate will not relieve the *Insurer* of any of its obligations hereunder.

B. **Spousal Extension**

   If a *Claim* is made against the lawful spouse of an *Insured* which includes a *Claim* for a negligent act, error or omission made against an *Insured* rendering *Professional Services* then such *Claim* shall be deemed a *Claim* made against such *Insured*, provided his or her lawful spouse accepts the same legal counsel as the *Insured* and that such *Claim* is made solely by reason of such lawful spouse's status as such. This extension, however, shall not apply to any *Claim* alleging any negligent act, error or omission committed by the lawful spouse of an *Insured*.

C. **Personal Injury and Advertising Liability Extensions**

   Subject to all other terms, conditions and exclusions, this policy covers *Damages* and *Defense Expenses* the *Insured* becomes legally obligated to pay resulting from *Claims* arising out of *Personal Injury* and *Advertising Liability*.

D. **Extended Reporting Period Extensions**

   Extended Reporting Periods are available upon termination of coverage, meaning:
   (a) cancellation or nonrenewal of the policy; or
   (b) decrease in limits, reduction of coverage, increased deductible, new exclusion or any other change in coverage less favorable to the *Insured*.

   Within thirty days after the effective date of termination as described in (a) or (b), above, the *Insurer* will advise the *Named Insured* in writing of the availability of the Extended Reporting Periods described below. For the Optional Extended Reporting Period, this notice will include the amount of premium for Optional Extended Reporting Period options and the importance of purchasing this optional coverage. If termination resulted from non-payment of premium, the *Insurer* is not required to provide a premium quotation unless requested by the *Named Insured*.

   All persons deemed *Insureds* under the *Policy Period* shall be deemed *Insureds* under the Extended Reporting Period.

   1. **Automatic Extended Reporting Period**

      Upon the effective date of termination, the *Named Insured* shall be provided with an automatic and non-cancelable period of sixty days, commencing on the effective date of termination, to report *Claims* to the *Insurer* pursuant to Section VI. A. of General Conditions, Notice of *Claim or Circumstance*. Coverage under this extension of time to report a *Claim* (hereinafter referred to as the Automatic Extended Reporting Period) shall apply solely to negligent acts, errors or omissions in rendering *Professional Services* committed or attempted prior to the effective date of nonrenewal or cancellation, whichever occurs first, and which are not otherwise excluded by any terms, conditions or exclusions of this policy. All terms and conditions of this policy shall be effective during the Automatic Extended Reporting Period and the aggregate Limit of Liability during the Automatic Extended Reporting Period shall be equal to the amount remaining in *Policy Aggregate* Limit of Liability. This Automatic Extended Reporting Period shall be excess over other valid and collectible insurance.

2. **Optional Extended Reporting Period**

Upon the termination of this policy for any reason, except as provided below, or if there has been a reduction in coverage as a result of a decrease in limits of liability, increased deductible, new exclusion, or any other change in coverage less favorable to the *Named Insured*, the *Named Insured* shall have the right, upon payment of the additional premium designated in one of the options below for the designated length of time shown, commencing on the expiration date of the Automatic Extended Reporting Period, to report *Claims* pursuant to Section VI.A. of General Conditions, Notice of *Claim* or Circumstance:

   (a) Optional Extended Reporting Period of 12 months for a premium charge of 90% of the annual policy premium;
   (b) Optional Extended Reporting Period of 36 months for a premium charge of 150% of the annual policy premium;
   (c) Optional Extended Reporting Period of 72 months for a premium charge of 200% of the annual policy premium;
   (d) Optional Extended Reporting Period of unlimited duration for a premium charge of 225% of the annual policy premium.

"Annual policy premium" as stated above, means rates in effect on the effective date of this policy. If coverage is terminated on a date before the expiration date, the premium for the Extended Reporting Period shall be based on the appropriate pro-rated annual premium. The additional premium for the Optional Extended Reporting Period will be adjusted to subtract any return premium owed to the *Named Insured* due to termination, or to add any policy premium owed to the *Insurer*.

In the event of changes made to the renewal of this policy by the *Insurer* or by the *Named Insured* which result in either a decrease in Limit of Liability, reduction of coverage, increased Deductible, new exclusion, or any other change in coverage less favorable to the *Named Insured*, the Optional Extended Reporting Period shall provide the terms of coverage provided prior to such change in coverage.

If this policy is terminated due to the liquidation or bankruptcy or permanent cessation of operations, Optional Extended Reporting Period Coverage may be requested by any *Insured* if requested within 120 days of the termination of coverage, regardless of whether any trustee in bankruptcy or liquidation has made such a request.

Coverage under such extension of time to report a *Claim* (hereinafter referred to as the Optional Extended Reporting Period) shall apply solely to negligent acts, errors or omissions in rendering *Professional Services* committed or attempted prior to the effective date of termination, and which are not otherwise excluded by any terms, conditions or exclusions of this policy.

As a condition precedent to the right to purchase this Optional Extended Reporting Period:
   (a) all *Insureds* must be in compliance with the terms and conditions of the policy, and
   (b) the *Named Insured's* right to practice law has not been revoked, suspended or surrendered at the request of any regulatory authority for reasons other than death, disability or retirement, and
   (c) the *Named Insured* provides the *Insurer* with written notice of its selection and pays the premium charge for the selected Optional Reporting Period in full within sixty days of the date of termination of the *Policy Period* or within 30 days from the date of mailing or delivery of notification of availability of this coverage, whichever is greater.

If the Optional Extended Reporting Period requested by the *Named Insured* is effected by the *Insurer*, the additional premium shall be fully earned by the *Insurer* and the Optional Extended Reporting Period cannot be cancelled by the *Insureds* or the *Insurer*. This right to purchase the Optional Extended Reporting Period shall lapse unless the provisions of (a) through (c) in the preceding paragraph are fully met.

The Limits of Liability for the Optional Extended Reporting Period:
   (a) shall be at least equal to 100% of this policy's *Policy Aggregate*, where a *Claims-Made Relationship* has continued for at least 36 months.
   (b) shall be equal to the greater of (i) or (ii) below where a *Claims-Made Relationship* has continued for less than 36 months.
      (i) the amount of coverage remaining in the *Policy Aggregate* liability limit; or
      (ii) 50 % of the *Policy Aggregate* liability limit
   (c) shall be no greater than the amount of the decrease in the *Policy Aggregate*, where there has been a change of coverage resulting in a decrease in the aggregate liability limit.

During a *Claims-Made Relationship* and any Extended Reporting Period, a person employed or otherwise affiliated with the *Insured* and covered by the *Insured's* claims-made policy during such affiliation, shall continue to be covered under such policy and any Extended Reporting Period after such affiliation has ceased for such person's covered acts or omissions during such affiliation.

All Optional Extended Reporting Period provisions outlined in paragraph 2. shall not apply if the *Claims-Made Relationship* has been less than one year and this policy is terminated for nonpayment of premium.

3. **Non-Practicing Insured Extended Reporting Period**

   (a) Provided this policy (i) has not been cancelled for nonpayment of premium or Deductible and (ii) no other Extended Reporting Period is in effect and (iii) this policy remains in force as to all other **Insureds**, except in the case where all **Insureds** are **Non-Practicing Insureds**, a **Non-Practicing Insured** shall have the right to purchase an unlimited extension of time to report **Claims** that are first made against such **Non-Practicing Insured** and reported to the **Insurer** after the effective date of cessation of the practice of law by reason of negligent acts, errors or omissions alleged to have been committed subsequent to an applicable prior acts endorsement date, if any, but before the effective date of cessation of the practice of law and not otherwise excluded by the agreements, conditions and exclusions of this policy. The additional premium for this **Non-Practicing Insured** Extended Reporting Period shall be 125% of the **Non-Practicing Insured's** proportionate share of the annual premium (or, 225% of the annual premium in the case where all **Insureds** are **Non-Practicing Insureds**) and is due and payable to the **Insurer** no later than thirty days after the effective date of cessation of the practice of law.

   (b) The Limits of Liability for the **Non-Practicing Insured** Extended Reporting Period shall be:
   - (a) equal to 100% of this policy's **Policy Aggregate**, where a **Claims-Made Relationship** has continued for at least 36 months.
   - (b) equal to the greater of (i) or (ii) below where a **Claims-Made Relationship** has continued for less than 36 months.
       - (i) the amount of coverage remaining in the **Policy Aggregate** liability limit; or
       - (ii) 50 % of the **Policy Aggregate** liability limit

   (c) The additional premium charges in (a) above shall be waived for **Non-Practicing Insureds** who have been insured for their **Professional Services** for at least three consecutive annual **Policy Periods** prior to becoming a **Non-Practicing Insured**.

E. **Deductible Credit for Mediation Extension**

The **Insurer** will reduce the applicable Deductible amount by 50% in respect of any **Claim** resolved in its entirety by mediation.

F. **Defendant Reimbursement Extension**

The **Insurer** will reimburse an **Insured** $100 per hour for the time such **Insured** attends a trial, court hearing, mediation or arbitration proceeding in connection with a **Claim**, when such attendance is at the request of the **Insurer**.

G. **Regulatory Inquiry Extension**

If a regulatory body, state licensing board, public oversight board or government agency having regulatory authority over the **Insured's Professional Services,** first initiates an investigation of any **Insured** during the **Policy Period** which arises from **Professional Services** rendered subsequent to a prior acts endorsement date, if any, and such regulatory inquiry is reported to the **Insurer** pursuant to Section VI. General Conditions, A., Notice of **Claim** or Circumstance, the **Insurer** will pay on behalf of the **Named Insured** attorney fees, court and regulatory body costs incurred in responding to such inquiry, up to a maximum payment of $12,500. This is the maximum amount the **Insurer** will pay, regardless of the number of such inquiries or of the number of **Insureds** involved in such inquiries, for all inquiries first initiated against the **Insureds** during the policy and reported to the **Insurer** pursuant to Section VI. General Conditions, A. Notice of **Claim** or Circumstance.

H. **Subpoena Assistance Extension**

If during the **Policy Period,** an **Insured** first receives a subpoena for documents or testimony as a fact witness arising from **Professional Services** rendered by the **Insured** in whole subsequent to a prior acts endorsement date, if any, and such receipt of a subpoena is reported to the **Insurer** pursuant to Section VI. General Conditions A. Notice of **Claim** or Circumstance, then provided that (a) said subpoena arises out of a matter or lawsuit to which an **Insured** is not a party and (b) provided no **Insured** has been engaged to provide professional advice or testimony in connection with the matter or lawsuit at any previous time, then the **Insurer** will retain an attorney to provide advice to the **Insured** regarding the production of documents, to prepare the **Insured** for sworn testimony and to represent the **Insured** at depositions.

I. **Disciplinary Proceedings** are not **Claims** under this policy. The **Insurer** shall not have the right and shall not have the duty to defend a **Disciplinary Proceeding** against any **Insured**. It shall be the right and duty of the **Insured** to respond to or defend such **Disciplinary Proceedings**. In the event violations of disciplinary rules or other professional misconduct alleged in a **Disciplinary Proceeding** commenced during the **Policy Period** are not proven by a final and enforceable determination by a tribunal of competent jurisdiction adverse in whole to an **Insured** and, such violations or misconduct is not admitted by an **Insured**, then the **Insurer** will reimburse the **Insured** for reasonable fees, costs and expenses incurred by the **Insured** in the defense of such **Disciplinary Proceeding** up to a maximum reimbursement of $25,000 in total for all **Disciplinary Proceedings** reported to the **Insurer** during the **Policy Period**.

| IV. | DEFINITIONS |
|---|---|

***Advertising Liability*** means legal obligations the ***Insured*** incurs arising out of the marketing and promotion of the ***Insured's Professional Services*** by reason of (a) the oral or written publication of material which slanders or libels an individual or entity, or which disparages its goods, services or products (b) the misappropriation of marketing or promotion ideas or styles of business of others, or (c) the infringement of titles or slogans of others.

***Claim*** means:
    (a) a demand or civil proceeding seeking ***Damages***, or
    (b) service of suit seeking ***Damages***, or
    (c) institution of alternative dispute proceedings seeking ***Damages***, or
    (d) a demand for services.

***Claims-Made Relationship*** means that period of time between the effective date of the first claims-made policy effected by the ***Insurer*** with the ***Named Insured*** and the termination of the last consecutive claims-made policy effected by the ***Insurer*** with the ***Named Insured***, with no gap in ***Policy Period***, but shall not include any period of time covered by Extended Reporting Period coverage.

***Damages*** means a monetary judgment (including pre- and post- judgment interest awarded against the ***Insured***), monetary award or monetary settlement negotiated with the ***Insurer's*** written consent. If the ***Insurer*** makes an offer to pay the applicable Limit of Liability, it will not pay any prejudgment interest based on the period of time after such offer is made.

    ***Damages*** shall not include:
    (a) any restitution, disgorgement, unjust enrichment or illegal profits by an ***Insured***;
    (b) return or offset of fees or over- charges or amounts which are the subject of fee disputes;
    (c) punitive or exemplary damages, awards or judgments or any amounts which are a multiple of compensatory damages, awards or judgments;
    (d) civil or criminal fines, sanctions or penalties;
    (e) any amounts for which the ***Insured*** is not financially liable or for which there is no legal recourse against the ***Insured***;
    (f) subject to (c) above, amounts deemed uninsurable under the law pursuant to which this policy shall be construed;
    (g) amounts paid to comply with any injunctive order or other non–monetary or declaratory relief or award, including amounts ordered to be paid to comply with specific performance or any agreement to provide such relief.

***Defense Expenses*** mean reasonable and necessary fees charged by attorneys designated or approved by the ***Insurer*** and all other reasonable and necessary fees, costs and expenses resulting from the adjustment, negotiation, arbitration, mediation, defense or appeal of a ***Claim***, including premiums on appeal, attachment or similar bonds; provided, however, that this provision does not obligate the ***Insurer*** to apply for or furnish any such bond. ***Defense Expenses*** include amounts payable by the ***Insurer*** under Section III., Extensions of Coverage, paragraph F. through I., inclusive. ***Defense Expenses*** do not include salaries, charges, wages, loss of wages or expenses of any partner, principal, director, officer, member or employee of the ***Insured*** or the ***Insurer*** other than as provided in Section III Extensions of Coverage, paragraphs F. through I. inclusive.

***Disciplinary Proceeding*** means a forum in which a complaint alleging violation of any professional rule or professional misconduct is brought before a tribunal of competent jurisdiction which shall make a determination subject to appeal or other review and/or a final and enforceable determination as to whether such alleged rules or misconduct is to be the subject of discipline.

***Immediate Family*** means the parents, children, grandchildren, brothers, sisters or past or present spouse of any past or present ***Insured***.

***Insured*** means the ***Named Insured***, ***Predecessor Firm***, and:
    (a) any present or future lawyer associate, professional corporation, limited liability corporation or partnership, partner, director, officer, member or employee of the ***Named Insured***;
    (b) any former lawyer associate, partner, director, officer, member or employee of the ***Named Insured*** or of a ***Predecessor Firm;***
    (c) the estate, heirs, executors, administrators, assigns and legal representatives of an ***Insured*** but only in the event of such ***Insured's*** death, incapacity, insolvency or bankruptcy, and only to the extent that such ***Insured*** would otherwise have been provided coverage under the terms, conditions and exclusions of this policy;
    (d) any independent contractor(s) or "of counsel" attorney(s) who work for the ***Named Insured***, but only with respect to ***Professional Services*** exclusively performed within the scope of their duties on behalf of the ***Named Insured*** and under the supervision of an ***Insured***.

***Insurer*** means the insurance company named in the Declarations.

***Named Insured*** means the entity(ies), individual, partnership, professional corporation, professional association, limited liability corporation or limited liability partnership stated in Item 1. of the Declarations.

*Non-Practicing Insured* means an *Insured* who on a specific date becomes disabled, has died or has otherwise ceased the practice of law for reasons other than a revocation, suspension or surrender of license at the request or demand of any judicial or regulatory authority.

*Personal Injury* means the following which arise from the *Insured's Professional Services*: (a) false arrest, detention or imprisonment; malicious prosecution (b) the publication or utterance of a libel or slander or other defamatory or disparaging statement or disparaging material (c) a publication or utterance in violation of a person's right of privacy (d) the wrongful eviction of a person from a residence (e) wrongful entry into, or invasion of the right of private occupancy.

*Policy Period* means the length of time between the effective date shown in Item 2. of the Declarations and the earlier of (a) the expiration date shown in Item 2. of the Declarations, or (b) the date of termination of coverage.

*Policy Aggregate* means the amount identified in Item 3. of the Declarations which represents the maximum amount of the *Insurer's* liability for all *Damages* for all *Claims* first made during the *Policy Period*, inclusive of the Automatic Extended Reporting Period.

*Predecessor Firm* means an individual, partnership, professional corporation, professional association, limited liability corporation or partnership which was at all times engaged in *Professional Services* and to whose financial assets and liabilities the *Named Insured* became the majority successor in interest prior to the effective date as stated in Item 2. of the Declarations and which is named as such by specific endorsement to this policy. *Predecessor Firm* does not include any individual, partnership, professional corporation, professional association, limited liability corporation or partnership which was at all times engaged in *Professional Services* and to whose financial assets and liabilities the *Named Insured* becomes the majority successor in interest subsequent to the effective date of this policy as stated in Item 2. of the Declarations unless the *Insurer* at its sole discretion agrees to include such entity. Should the *Insurer* agree to include such entity it may do so for an additional premium and/or with amended policy terms and conditions.

*Professional Services* means

   (a) those service performed for a client in the *Insured's* capacity as a lawyer for a monetary fee, and
   (b) those services as an arbitrator, mediator or notary public, administrator, conservator, receiver, executor, trustee or any similar fiduciary capacity for a monetary fee, and
   (c) those services performed as a title agent for a client which are incidental to services performed as a lawyer for the client for a monetary fee, and
   (d) pro bono services of an *Insured* if at the time such services were rendered, they were approved by a partner, director or officer of the *Named Insured* to perform such services without compensation, and
   (e) those services as a member of a formal accreditation, standards review or similar professional board or committee solely related to the profession of the practice of law, but only when such formal accreditation, standards review or similar professional board or committee solely related to the profession of the practice of law does not indemnify the *Insured* or have insurance coverage applicable to the *Insured* in respect of such services.

*Related Claims* means all *Claims* arising from negligent acts, errors or omissions that have as a common nexus any fact, circumstance, situation, transaction, event or cause or series of causally connected facts, circumstances, situations, transactions, events or causes.

## V.   EXCLUSIONS

This policy does not apply to any *Claim* based upon or arising out of:

A.   a dishonest, intentional, fraudulent, or criminal or malicious act or omission or any intentional or knowing violation of law by any *Insured*. However, the *Insurer* will provide the *Insured* with a defense of such *Claim* and pay *Defense Expenses* for any such *Claim* until there is a judgment, final adjudication or adverse admission by an *Insured* or a finding of fact against an *Insured* as to such conduct. However, this exclusion shall not apply to an *Insured* who, in fact, did not personally commit, direct or participate in committing a dishonest, intentional, fraudulent, criminal or malicious act or omission or any intentional or knowing violation of law. ✓

B.   (a) physical injury, sickness, disease or the death of any person including mental anguish or emotional distress resulting therefrom, or
     (b) physical injury to, or destruction of any tangible property, including any resulting loss of use thereof; however, this exclusion shall not apply to accounting records of clients of the *Named Insured*;

C.   any actual or alleged violation of:
     (a) the Employee Retirement Income Security Act of 1974 and any amendments thereto. However, this exclusion shall not apply if (i) a court of competent jurisdiction deems an *Insured* to be a fiduciary under such Act solely by reason of *Professional Services* an *Insured* rendered to any employee benefit plan or, (ii) if an *Insured* is appointed as a Receiver, Trustee or Custodian of an employee benefit plan by a court of law ;
     (b) the Racketeer Influenced and Corrupt Organizations Act;

D. any actual or alleged false, deceptive or unfair trade practice, violation of consumer protection laws or false, deceptive or misleading trade practices;

E. ***Professional Services*** performed for any person or entity by an ***Insured***, if at the time of any negligent act, error or omission giving rise to the ***Claim***:
   (a) such ***Professional Services*** were rendered to an ***Immediate Family Member***; or
   (b) such ***Insured*** or his/her ***Immediate Family Member*** controlled or owned more than 10% equity interest, operated or managed such entity; or,
   (c) such ***Insured*** or his/her ***Immediate Family Member*** was a partner, member, director, officer or employee of such entity;

F. (a) liability of others assumed by an ***Insured*** under any contract or agreement, or
   (b) the breach of any express warranty of any contract unless such liability would have attached to the ***Insured*** even in the absence of such contract or agreement;

G. actual or alleged negligent acts, errors or omissions asserted by or on behalf of one or more ***Insureds*** against any other ***Insured*** unless such ***Claim*** arises out of ***Professional Services*** by an ***Insured*** rendered to such other ***Insured*** as a client;

H. an ***Insured*** acting in the capacity as:
   (a) an executor, administrator or personal representative of an estate or as a trustee if the ***Insured*** or a member of the ***Insured's Immediate Family*** is or was a beneficiary or distributee of said estate or trust; or,
   (b) an officer, director, trustee, partner or other member of a governing body of any entity other than the ***Named Insured*** and other than an accreditation or standards entity within the scope of Section IV, Definitions, paragraph (e) of the definition of ***Professional Services***; or
   (c) a public official or employee of a governmental body, agency or subdivision thereof, unless such capacity is deemed as a matter of law to be a public official, employee or representative of such entity solely by virtue of an ***Insured*** rendering ***Professional Services***.

I. (a) defects in title of which the ***Insured*** had knowledge as of the date of issuance of any title policy, and
   (b) breach of underwriting authority granted an ***Insured*** by a title insurance company or its delegate, and
   (c) liability assumed under contract with any title insurance company to fund a loss payment, participate in a loss payment or fund or reimburse any legal expenses under any title insurance policy.

J. negligent acts, errors or omissions or ***Related Claims*** which have been the subject of any notice given under any prior policy of which this policy is a renewal or replacement;

K. any facts or circumstances of which any ***Insured*** had knowledge as of the effective date of this policy and which could reasonably have been expected to give rise to a ***Claim***;

L. (a) any misuse or unauthorized use or disclosure of confidential or proprietary data or of personally identifiable information; or
   (b) any actual or alleged failure to inform customers or clients of any security breach which has impacted or may impact the confidential, proprietary or personally identifiable information of a customer or client;

M. ***Professional Services*** rendered by an ***Insured*** while the ***Insured's*** license to practice law was suspended, revoked, surrendered, lapsed or otherwise not recognized as a bona fide license in the state where such services were rendered;

N. any loss sustained by any ***Insured*** as a beneficiary or distributee of any estate or trust;

O. a notarized certification or acknowledgment of signature without an identity check and physical appearance before the ***Insured*** performing such notarization of the person whose signature was notarized or acknowledged;

## VI. GENERAL CONDITIONS

A. **Notice of *Claim* or Circumstance**

   1. The ***Insureds*** shall, as a condition precedent to the obligations of the ***Insurer*** under this policy, give written notice of a ***Claim*** as soon as practicable, but in no event later than sixty days after the expiration of the ***Policy Period***. In the event a ***Claim*** is made during the Extended Reporting Period, if purchased, the ***Insureds*** shall, as a condition precedent to the obligations of the ***Insurer*** under this policy, give written notice of such ***Claim*** as soon as practicable, but in no event later than the expiration of the Extended Reporting Period. Such written notice shall include:

NYLPL - 100 (07/15)                    9 of 12

(a) all written correspondence between the claiming party and any *Insured*, and
(b) a written summary of the facts and circumstances of the allegation of the negligent act, e
    or *Advertising Liability*
(c) dates and details of the parties involved
(d) possible *Damages*.

Failure to give the *Insurer* notice as required under this coverage shall not invalidate any *Cl*
person or any other claimant, unless the failure to provide such timely notice has prejudiced
made by the *Insured*, injured person or other claimant will be invalidated if it shall be shown
possible to give such timely notice and that notice was given as soon as was reasonably p

2.  If during the *Policy Period* or the Extended Reporting Period, if purchased, the *Insured* becomes aware of
    circumstances that may reasonably be expected to give rise to a *Claim* and, written notice is given to the *Insurer* in accordance with paragraphs 1. and 3. of this Section A. of:

    (a) such facts or circumstances, as well as the reasons for anticipating such a *Claim,* and
    (b) specific information as to the expected negligent act, error, omission, *Personal Injury* or *Advertising Liability*,
    (c) dates and details of the parties involved, and
    (d) the possible *Damages*,

    then any *Claim* arising out of such specific facts or circumstances that is subsequently made against the *Insureds* and reported to the *Insurer* shall be deemed first made during the *Policy Period* as of the date of such notice.

3.  With respect to all *Claims*, if the *Insurer* disclaims liability or denies coverage based upon the failure to provide timely notice, then the injured person or other claimant may maintain an action directly against the *Insurer*, in which the sole question is the *Insurer's* disclaimer or denial based on the failure to provide timely notice, unless within sixty days following such disclaimer or denial, the *Insured* or the *Insurer*:
    (a) initiates an action to declare the rights of the parties under the insurance policy; and
    (b) names the injured person or other claimant as a party to the action.

4.  Notice of a *Claim* or circumstances to the *Insurer* shall be given in writing to:

    Crum & Forster
    Claims Department
    305 Madison Avenue
    Morristown, New Jersey 07962
    305_Liability@cfins.com

    Notice given by or on behalf of the *Insured*, or written notice by or on behalf of the injured person or any other claimant, to any agent of the *Insurer* in New York State, with particulars sufficient to identify the *Insured*, shall be considered to be notice to the *Insurer*.

B.  **Defense and Settlement**

    1.  The *Insurer* shall have the right and the duty to defend any *Claim* regardless of whether the allegations are groundless, false, or fraudulent. In undertaking this right and duty, the *Insurer* expressly retains the right to select defense counsel even when the *Insurer* reserves its rights on issues concerning the applicability of coverage under this policy. The *Insurer's* right and duty to defend any *Claim* and pay *Defense Expenses* shall terminate upon the exhaustion of the Limit of Liability, whereupon the *Insurer* shall have no further obligation or liability to defend the *Insured* or to pay *Defense Expenses,* judgments or settlements. The *Insurer* will, in such case, provide for the orderly transfer of defense duties as outlined in Section II. A. 5 of this policy. The *Insurer* may make any investigation it deems necessary and may, with the *Insured's* consent, such consent not to be unreasonably withheld, make any settlement of any *Claim* it deems expedient. If the *Insured* withholds consent of such settlement, the *Insurer's* liability for all *Damages* on account of such *Claim* shall not exceed the amount for which the *Insurer* could have settled such *Claim*, as of the date such settlement was proposed to the *Insured*.

    2.  The *Insureds* and those acting on their behalf shall not admit liability, consent to any judgment, incur any *Defense Expenses* or agree to any settlement without the *Insurer's* written consent, such consent not to be unreasonably withheld. The *Insureds* agree that they shall not knowingly take any action that in any way increases *Damages* or *Defense Expenses* under this policy. Coverage afforded by this policy shall not apply to any *Damages* sustained as a result of any admission of liability or consent to any judgment or agreement to settle, without or prior to the *Insurer's* written consent.

    3.  The *Insureds* shall provide the *Insurer* with such information, assistance, and cooperation as the *Insurer* and its counsel may reasonably request with respect to the defense and settlement of any *Claim*.

NYLPL - 100 (07/15)                                    10 of 12

C. **Action Against *Insurer***

1. No action shall be taken against the *Insurer* unless, as a condition precedent thereto, the *Insureds* shall ha... with all of the terms and conditions of this policy, nor until the amount of the *Insured's* obligation to pay *Dan... Claim* shall have been fully and finally determined either by judgment against the *Insured* or by written agreement... the *Insureds*, the claimant, and the *Insurer*.

2. In the event any person or entity or the legal representative thereof has secured a judgment against the *Insured* and such judgment remains unsatisfied after the expiration of thirty (30) days from the service of notice of entry of the judgment upon the *Insured*, the *Insured's* attorney, or upon the *Insurer*, then an action may, except during a stay or limited stay of execution against the *Insured* on such judgment, be maintained against the *Insurer* under this policy for the amount of such judgment to the extent of the insurance afforded by this policy.

3. Nothing contained herein shall give any person or entity any right to join the *Insurer* as a party to any *Claim* against the *Insureds* to determine their liability, nor shall the *Insurer* be impleaded by the *Insureds* or their legal representative in any *Claim*.

D. **Cancellation and Nonrenewal**

1. The *Named Insured* may cancel this policy at any time prior to the expiration date of the *Policy Period* by providing prior written notice to the *Insurer* or by surrender of this policy to the *Insurer* or its authorized agent. If the *Named Insured* shall cancel this policy, the *Insurer* shall return 90% of the unearned portion of the premium.

2. The *Insurer* may only cancel this policy for nonpayment of premium. This policy may be canceled by or on behalf of the *Insurer* by delivering to the *Named Insured*, or by mailing to the *Named Insured*, at the address shown in Item 1. of the Declarations, written notice of cancellation at least 15 days before the effective date of cancellation, which will indicate the amount due. A copy of said written notice shall be sent to the *Insured's* authorized agent or broker. The mailing of such notice shall be sufficient proof of notice and the effective date of cancellation stated in such notice shall become the expiration date of the *Policy Period*. If the *Insurer* cancels this policy for nonpayment of premium, the *Insurer* shall credit the *Insured* 90% of the unearned portion of the premium. Payment or tender of any unearned premium by the *Insurer* shall not be a condition precedent to the effectiveness of cancellation, but such payment shall be made as soon as practicable.

3. This policy may be nonrenewed by the *Insurer* by delivering to the *Named Insured* or by mailing to the *Named Insured* at the address shown in Item 1. of the Declarations, written notice of nonrenewal at least sixty days but not more than 120 days prior to the expiration date of the *Policy Period*. The mailing of such notice shall be sufficient proof of notice. Any notice of nonrenewal delivered or mailed to the *Named Insured* will also be delivered to the *Named Insured's* agent or broker.

4. This policy may be conditionally renewed by the *Insurer* by delivering to the *Named Insured* or by mailing to the *Named Insured* at the address shown in Item 1. of the Declarations written notice of change of renewal terms at least sixty days but not more than 120 days prior to the expiration date of the *Policy Period*. Written notice will be sent when renewal may be conditioned upon a change of limits, a change in type of coverage, a reduction of coverage, an increased deductible or addition of any exclusion, or upon an increase in premiums in excess of ten percent (exclusive of any premium increase due to change in exposure (including claims-made step factors). The mailing of such notice shall be sufficient proof of notice. Any notice of conditional renewal delivered or mailed to the *Named Insured* will also be delivered to the *Named Insured's* agent or broker.

5. If the *Insurer* provides late notice of non-renewal or conditional renewal, the coverage provided under the expiring policy shall continue at the same terms, conditions, and rates as the expiring policy, until sixty days after the notice is actually mailed. The Aggregate limit of the expiring policy will be increased in proportion to the term of the policy extension.

E. **Changes in Exposures**

1. If the number of attorneys employed by the *Named Insured* increases more than 25% from the amount of attorneys shown in the application attached to this policy at its inception date, the *Named Insured* shall give the *Insurer* notice of such hiring, merger or acquisition as soon as practicable, but in no event more than 30 days after the effective date of hiring, merger or acquisition and the *Insurer* shall then have the right to amend any terms of this policy. There shall be no coverage under this policy for any *Professional Services* subsequent to the date of hiring, merger or acquisition. This paragraph shall not be applicable if the original number of attorneys insured on the effective date of this policy was less than six attorneys.

2. If the *Named Insured* during the *Policy Period* merges or consolidates with another entity in a manner such that the *Named Insured* is not the surviving entity, coverage under this policy for *Professional Services* rendered, or which should have been rendered subsequent to the effective date of such transaction shall be excluded for the remainder of the *Policy Period*. Coverage shall then solely apply to *Professional Services* rendered, or which should have been rendered, between a prior acts date added by endorsement, if any, and the effective date of the transaction whereby the *Named Insured* is not the surviving entity, subject to all the other terms, conditions and exclusions of this policy.

NYLPL - 100 (07/15)                    11 of 12

F. **Subrogation**

In the event of any payment under this policy, the *Insurer* shall be subrogated to the extent of such payment to all *Insureds'* rights of recovery therefrom against any person or entity, and the *Insureds* shall execute all papers required and shall do everything that may be necessary to secure and preserve such rights to enable the *Insurer* to effectively bring suit in their name, and shall provide all other assistance and cooperation which the *Insurer* may reasonably require.

G. **Representations**

In granting coverage to the *Insureds*, it is agreed that the *Insurer* has relied upon the representations and statements contained in the application for this policy (and all such previous applications submitted, or made part of any previous policy which this policy may succeed in time) including materials submitted therewith, as being accurate and complete and shall be the basis of the contract and shall become part of such policy as if physically attached. Such representations and statements are deemed to be material and the risk has been assumed by the *Insurer* in reliance upon such representations.

H. **Other Insurance**

All *Damages* and *Defense Expenses* payable under this policy shall be in excess of and shall not contribute with other valid and collectible insurance including, but not limited to, any insurance under which there is a duty to defend, regardless of whether any *Damages* or *Defense Expenses* are collectible or recoverable under such other insurance, unless such other insurance is written specifically excess of this policy. This policy shall not be subject to the terms or conditions of any other insurance.

I. **Authorization**

The *Named Insured* shall act on behalf of the *Insureds* with respect to the receiving of notices and return premiums from the *Insurer*.

J. **Headings and Titles**

The headings, sub-headings, and titles of this policy are for descriptive and reference purposes only and are not to be deemed in any way to limit, modify, or affect the terms and conditions of this policy.

K. **Assignment of Interest**

This policy and any and all rights hereunder are not assignable without the written consent of the *Insurer*.

L. **Changes**

Notice to any agent or knowledge possessed by any agent or other person acting on behalf of the *Insurer* shall not effect a waiver or a change in any part of this policy or estop the *Insurer* from asserting any right under the terms and conditions of this policy, nor shall any terms or conditions be waived or changed except by written endorsement issued to form a part of this policy.

M. **Territory**

This policy applies to *Professional Services* taking place anywhere in the world provided that suit is brought and maintained against the *Insured* within the United States of America, its territories or possessions, Puerto Rico or Canada.

N. **Named Insured Sole Agent**

The *Named Insured* will be the sole agent and will be authorized to act on behalf of all *Insureds* for the purpose of giving or receiving any notices, any amendments to or cancellation of this policy, for the completing of any applications and the making of any statements, representations and warranties for the policy, for the payment of the deductible and the exercising or declining to exercise any right under this policy, including the purchase of any Extended Reporting Period.

O. **Liberalization**

If during the *Policy Period,* the *Insurer* adopts any provision that would broaden the coverage under this policy without an additional premium charge, the broadened coverage shall automatically apply to this policy.

# The North River Insurance Company
## A New Jersey Corporation
Main Administrative Office: Morristown, NJ

(A Capital Stock Company)

SIGNATURE

*Marc J. Adee*

Marc J. Adee
Chairman and CEO

SIGNATURE

*James Kraus*

James Kraus
Secretary

MI 07 002 01 15

# IMPORTANT POLICYHOLDER NOTICE

As part of our value-added services to our Lawyers Professional Liability clients, The North River Insurance Company now offers you a pre-claim and risk mitigation consultation "Hotline" staffed by independent attorneys that specialize in the defense of lawyer professional liability claims

This "hotline" provides you access to seek advice prior to submitting a claim, or reporting of a circumstance that could give rise to a claim. It will also serve as a resource to reduce the professional liability risks inherent to your day-to-day practice of law. Consultation with a "Hotline" attorney is on a confidential basis and can serve to properly manage any circumstance that may present a potential claim and liability.

Please call our dedicated toll free number Monday – Friday, between 8:30 AM – 5:00 PM (EST). Calls placed during these business hours are returned within <u>one</u> business day.

## 888-959-CRUM (2786)

Thank you for choosing The North River Insurance Company.

# U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC")
# ADVISORY NOTICE TO POLICYHOLDERS

No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC. **Please read this Notice carefully.**

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

- Foreign agents;
- Front organizations;
- Terrorists;
- Terrorist organizations; and
- Narcotics traffickers;

as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site – http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC.

Other limitations on the premiums and payments also apply.