UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
NORTH RIVER INSURANCE COMPANY, :
:
                                          Plaintiff, :
:
                    -against- :
:
MAX D. LEIFER and LAW OFFICERS OF MAX :
D. LEIFER, P.C., :
:
                                    Defendant. :
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _4/25/22_

21-CV-7775

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

Plaintiff, The North River Insurance Company ("NRIC"), is an insurance company with which Max D. Leifer and his law office ("Defendants") have maintained a legal malpractice insurance policy since 2019. Compl., Dkt 1 ¶¶ 5–7, 18, 20. NRIC has sued Defendants for a declaratory judgment that it has no duty to defend or indemnify Defendants pursuant to the policy's prior knowledge exclusion; or, in the alternative, for rescission of the malpractice policy for failure to disclose material information related to the risk to insure. *Id.* ¶¶ 37–40, 42–46. Plaintiff filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] *See generally* Mot. for Judgment on the Pleadings, Dkt. 18. Defendants oppose the motion. *See generally* Defs. Opp, Dkt. 27. Plaintiff's motion is GRANTED.

---

[1] Declaratory judgment regarding the rescission of the entire policy was pled in the alternative. *See* Compl. ¶¶ 41–46, at 9. Neither party briefed the issue of rescission, and this Court need not consider this alternative claim because the Court is granting the motion on the primary claim asserted. *See U.S. v. McCombs*, 30 F.3d 310, n.4 (2d Cir. 1994) ("Because we are reversing [as to the primary claim], we deem it inappropriate to consider at this time appellants' alternative claim"); *D'Arrigo Bros. Co. of N.Y., Inc. v. KNJ Trading Inc.*, No. 19-CV-1129, 2020 WL 2060355, at *4 (Apr. 29, 2020) (holding that because there is a finding in favor of the plaintiff's primary claim, the court "need not address Plaintiff's alternative claims.").

## BACKGROUND

Mr. Leifer did legal work for Andy Lee in connection with a lawsuit ("Original Action") that was filed in October 2016. Compl. ¶¶ 10–17; *see generally id.*, Ex. A, Dkt. 1-1. Although Mr. Leifer was allegedly hired to represent Mr. Lee in the Original Action, Mr. Lee never answered the complaint, and the plaintiff moved for a default judgment to be entered. Compl. ¶¶ 12–16; *see generally id.*, Ex. B, Dkt. 1-2. Mr. Lee, represented by Defendants, opposed the motion for a default judgment. *Id.* ¶¶ 13–16, 37; *see generally id.*, Ex. B, Dkt. 1-2. The judge in the Original Action entered the default judgment, holding that the opposition to the motion for a default judgment was "without merit" because it failed to demonstrate a reasonable excuse for failing to answer or to advance a potentially meritorious defense to the case, among other deficiencies. *Id.* ¶¶ 15–16; *id.*, Ex. B, Dkt. 1-2.

Approximately 18 months later, on or about September 16, 2019, Defendants applied to NRIC for professional liability insurance. Compl. ¶ 18. When completing the application, Defendants represented that they had no reasonable basis to believe that there was "an act or omission in their rendering of services [that] might become the basis of a claim." *Id.* ¶ 19. NRIC issued a policy for the period from October 20, 2019 to October 20, 2020. *Id.* ¶ 20. On October 7, 2020, Defendants reported to NRIC that they had received a letter from an attorney on behalf of Mr. Lee asserting that he had a potential malpractice claim against Defendants; in November 2020, Mr. Lee filed suit alleging malpractice. *Id.* ¶¶ 24, 26. NRIC accepted the defense of the Defendants, *id.* ¶ 27, but, on March 12, 2021, NRIC advised Defendants that they would no longer provide a defense to the lawsuit because Mr. Leifer had prior knowledge of facts that Defendants could reasonably have expected to give rise to a claim. *Id.* ¶ 32. NRIC

also informed Defendants that it would continue paying costs until April 30, 2021 in order to facilitate a transition to other counsel. *Id.* ¶ 33.

Several months later, Plaintiff filed this suit, alleging that Defendants should have known that they were exposed to liability for malpractice based on their failure to file an answer in the Original Action and should have disclosed such knowledge in their application for insurance in October 2019. *Id.* ¶¶ 37–38.

## DISCUSSION

### I. Legal Standard

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citation omitted). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (citation omitted). The Court must "view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party." *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994) (citation and internal quotation marks omitted). In adjudicating a Rule 12(c) motion, the court examines "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice." *L-7 Designs, Inc. v. Old Navy LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citation and internal quotation marks omitted).

### II. Judgment on the Pleadings Is Appropriate in This Case

"Judgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery." *Lively v. WAFRA Inv. Advisory Grp.*, 6 F.4th 293, 301 (2d Cir. 2021)

(cleaned up). "[A] court may consider undisputed allegations of fact on a Rule 12(c) motion under the same standard as Rule 12(b)(6), but it may not use a motion for judgment on the pleadings to weigh disputed factual allegations." *Id.* at 302. When, as is the case here, a plaintiff is the movant, "courts must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendants." *Id.* at 305.

To determine whether the policy's prior knowledge exclusion applies, the Court must consider the "subjective knowledge of the insured and then the objective understanding of a reasonable attorney with that knowledge." *Liberty Ins. Underwriters, Inc. v. Corpina Piergrossi Overzat & Klar LLP*, 78 A.D.3d 602, 604–05 (1st Dep't 2010) (cleaned up); *Quanta Lines Ins. Co. v. Invs. Cap. Corp.*, 06-CV-4624, 2009 WL 4884096, at *16 (S.D.N.Y Dec. 17, 2009) (adopting the two-prong test for prior knowledge exclusions). The subjective prong requires that the insured must have known the facts or circumstances at issue that occurred prior to the policy inception date. *Quanta Lines*, 2009 WL 4884096, at *16. Under the objective prong, the court must determine whether a reasonable person in the insured's position with knowledge of such facts or circumstances would have reason to believe that they might be the basis of a claim. *Id.* In the case of legal malpractice, the objective prong means that an attorney could reasonably foresee that a claim could be made. *Id.*

### A. The Subjective Prong is Met in this Case

In order to meet the subjective prong, Plaintiff must show that Defendants were aware of or knew certain facts. *Quanta Lines*, 2009 WL 4884096, at *16–*17. There is no dispute that there was an Original Action in which Mr. Leifer provided advice and did legal work for Mr. Lee. *See* Compl. ¶¶ 10–17; Answer, Dkt. 12 ¶¶ 5–6; 15–19; Pl. Mem. at 4, 8–10. Although Defendants argue that there was no subjective reason to know of a claim — in particular due to

Mr. Leifer's friendship with Mr. Lee, *see* Defs. Opp. at 9–10 — the subjective test does not require the insured to believe that a claim is likely. *See Quanta Lines*, 2009 WL 4884096, at *16–*17 (discussing whether the Plaintiff had mere awareness of the *facts* and nothing more). This prong simply requires that the insured know the facts underlying the eventual malpractice claim. *Id.* In this case, there is no dispute that Defendants knew the facts that form the basis of Mr. Lee's malpractice claim. *See* Compl. ¶¶ 10–17; Answer, Dkt. 12 ¶¶ 5–6; 15–19; Pl. Mem. at 4, 8–10. As a result, this prong has been met.

### B. The Objective Prong is Met in this Case

The objective prong asks whether a "reasonable attorney in possession of the[ ] [relevant] facts would have a basis to anticipate . . . such facts to be the basis of a claim." *Quanta Lines*, 2009 WL 4884096, at *18 (cleaned up). The "subjective belief that a claim would not be brought" is irrelevant. *Id.* This prong does not require that the defendant actually expected that a claim would arise. *Exec. Risk Indem. Inc. v. Pepper Hamilton LLP*, 865 N.Y.S. 2d 25, 29 (1st Dep't 2008). Instead, the standard only requires that there be *some* basis to anticipate a claim, regardless of whether the claim is likely to be filed or likely to succeed. *Id.*

Plaintiff argues that because failure to file an answer is *prima facie* evidence of negligence, *see* Pl. Mem. at 14–15 (collecting cases), a reasonable attorney would have known that there was possible exposure to liability. *Id.* Plaintiff further argues that failure to adequately oppose a motion for default judgment based on a failure to answer is additional evidence of negligence. *Id.*

Defendants argue that the prior knowledge exclusion does not apply because they had no reason to anticipate a malpractice claim. Defs. Opp. at 8–11. Somewhat in contrast to their answer in this case — in which Defendants assert that it was their decision, based on their

professional judgment, not to interpose an answer in the Original Action, *see* Answer ¶¶ 16–17 — Defendants now argue that they informed Mr. Lee of certain legal procedures, including the need to file an answer, but that Mr. Lee refused to retain Defendants to interpose an answer or follow that advice. Defs. Opp. at 8–11. Defendants also argue that Mr. Lee was a "sophisticated client" and "where a sophisticated client imposes a strategic decision on counsel, the client's action absolves the attorney from liability for malpractice." *Id.* at 9 (quoting *Town of N. Hempstead v. Winston & Strawn, LLP,* 28 A.D.3d 746, 748 (2nd Dep't 2006)).

With respect to Defendants' filing in opposition to the motion for default judgment against Mr. Lee, Defendants argue that their legal work would not make a reasonable attorney anticipate a legal malpractice claim because Mr. Lee would have lost the default motion regardless of what they did. Defs. Opp. at 11–13. The court in the Original Action determined that Defendants' filing in opposition to the motion for a default judgment "failed to demonstrate either a reasonable excuse [for having failed to answer] or a potentially meritorious defense [to the lawsuit]" and noted that the response lacked an affidavit from Mr. Lee. *See* Compl. Ex. B. Defendants contend that the reason that they did not submit an affidavit in opposition to the motion for default judgment was because it would have "served as a confession on the merits" because "Lee conceded wrongdoing." Defs. Opp. at 9. In addition, Defendants point to Mr. Leifer's ongoing friendship with Mr. Lee as a reason a reasonable attorney would not anticipate a legal malpractice claim. Defs. Opp. at 8–10.[2]

With respect to the failure to file an answer in the Original Action, Defendants argue that the Court must evaluate the threshold question of whether there was even an attorney-client relationship between Mr. Lee and Defendants, *see* Pl. Mem. at 4, which is a predicate for a legal

---

[2] Defendants include this point in support of their argument that the objective prong is not met, in addition to improperly relying on it for the subjective prong. Defs. Opp. at 8–10.

malpractice claim. *Hanlin v. Mitchelson*, 794 F.2d 834, 838 (2d Cir. 1986). Plaintiff has pleaded and represented that Defendants were retained by Mr. Lee as his attorney in the Original Action. *See generally* Compl. There are, however, conflicting pleadings from Defendants on this front. *See* Answer ¶¶ 16–17; Defs. Opp. at 8–10; Pl. Mem., Ex. 4, Dkt. 18-5 ¶ 36. Because Plaintiff moved for judgment on the pleadings, the Court must accept Defendants' factual allegations in their answer as true for purposes of deciding the motion. *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994).

The Court notes that, in the Answer filed in this case, Defendants deny that they represented Mr. Lee in the Original Action, *see* Answer ¶ 5, even though elsewhere in the Answer they admitted that they provided Mr. Lee legal advice regarding the Original Action, *id.* ¶¶ 16–17. Defendants also admitted, in their answer to Mr. Lee's malpractice complaint, that there was an attorney-client relationship in the Original Action. *See* Pl. Mem., Ex. 5, Dkt. 18-6 ¶ 36 ("Answering Defendants deny the allegations set forth in paragraph '36' of the Complaint, except admit that an attorney-client relationship existed between plaintiff and Mr. Leifer."). Furthermore, in the instant action, Defendants describe the discussions surrounding whether to submit an answer as one where "*we* took the position of not entering an Answer" and one that was a "professional judgment." Answer ¶ 17 (emphasis added). It is not necessary for the Court to determine definitively whether there was an attorney-client relationship between Defendants and Mr. Lee; that question goes to the merits of Mr. Lee's case against Defendants. The question in this case is whether a reasonable attorney would have thought that these facts *could* give rise to a malpractice claim. *Quanta Lines*, 2009 WL 4884096, at *16. Along with the admission that Defendants were retained as counsel, Pl. Mem., Ex. 5 ¶ 36, Mr. Leifer acknowledges that he gave Mr. Lee legal advice regarding whether he should file an answer. Answer ¶¶ 16–17; Defs.

Opp. at 4–6, 8–10. A reasonable attorney would surely conclude that those facts might give rise to a legal malpractice claim.

Because failing to file an answer is *prima facie* evidence of negligence, *see Shapiro v. Butler*, 273 A.D.2d 657, 658 (3rd Dep't 2000) ("failure to timely interpose an answer in an action in which his or her client is a defendant constitutes prima facie evidence of legal malpractice") (citation omitted), a reasonable attorney would certainly anticipate that if no answer was filed at all, there would be some possibility of a future malpractice claim, especially because a default judgment was then entered against Mr. Lee. Compl. Ex. B, Dkt. 1-2. Further, where, as here, Defendants were chastised by a prior court regarding their failure adequately to oppose the motion for default judgment, a reasonable attorney could have foreseen that a claim might arise out of that incident. Pl. Mem. at 14–15; *see* Compl. Ex. B, Dkt. 1-2.

Based on the undisputed facts discussed above, it is clear that the Defendants: (1) had subjective knowledge of the facts surrounding the underlying proceeding; and (2) a reasonable attorney would know that a claim *might* arise from those facts. Accordingly, as a matter of law, the prior-knowledge exclusion clause applies.

## CONCLUSION

In sum, Plaintiff's motion for judgment on the pleadings is GRANTED. The Clerk of Court is respectfully directed to terminate all open motions and close this case.

**SO ORDERED.**

Date: **April 25, 2022**　　　　　　　　　　　　　　　　　VALERIE CAPRONI
　　　　**New York, New York**　　　　　　　　　　　　United States District Judge